IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARION ANTHONY NAMYNANIK and
RHODA NAMYNANIK,

Plaintiffs,

v.

YUNIOR MARTIN MARTINEZ and
BIH EXPRESS, INC.,

Defendants.

Case No. 23349

**JURY DEMAND**

**Removed from the Circuit Court
of Marion County, Tennessee
Docket No. 23349**

---

### PETITION FOR REMOVAL

---

Defendants, Yunior Martin Martinez and BIH Express, Inc. (herein "Defendants"), by and through counsel, hereby remove and give notice of the removal of the above-styled action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq.* As grounds for removal, Defendants state as follows:

1.    Plaintiff filed the above-styled *Complaint* on April 24, 2024 in the Circuit Court of Marion County, Tennessee.    The matter is styled *Marion Anthony Namynanik and Rhoda Namynanik v. Yunior Martin Martinez and BIH Express, Inc.*, Case No. 23349.

2.    Copies of the *Summons* and *Complaint* filed in said action are attached to this *Petition* as **Exhibit 1**, and the same are attached hereto and made a part hereof by reference as they constitute the process and pleadings filed by Plaintiffs in the state court in this action.

3.    The *Summons* and *Complaint* were served on Defendant BIH Express received via mail on May 7, 2024.  As for Defendant Martinez, a first summons was issued via certified mail

on said Defendant Martinez on April 24, 2024, but returned "not found," "unsuccessful service," or "not been delivered" on May 9, 2024. Thereafter, a second summons was re-issued or issued on Defendant Martinez on May 16, 2024 and remains unserved and unreturned. However, Defendant Martinez, through undersigned counsel, is agreeable to waive or accept service, without waiving any other defenses, as of this date.

4.      Other than the filing of the *Complaint, the issuance of summones* and service upon Defendant(s) as discussed above, no proceedings have taken place in this matter in the state court. No more than thirty (30) days has elapsed since said service upon Defendants. Thus, this *Petition* is timely filed.

5.      According to the allegations in the *Complaint*, Plaintiffs Marion Anthony Namynanik and Rhoda Namynanik are citizens and residents of Goodlettsville, Sumner County, Tennessee.

6.      Defendant Yunior Martin Martinez is a citizen and resident of Miami, Dade County, Florida.

7.      Defendant BIH Express, Inc. is a for-profit corporation, with its principal place of business located at Bowling Green, Warren County, Kentucky.

8.      Noting the diversity of citizenship above, the dispute and amount in controversy, is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest. Therefore, the United States District Court has original subject matter jurisdiction under 28 U.S.C. § 1332.

9.      Defendants remove and hereby gives notice of removal of the above-styled action from the Circuit Court for Marion County, Tennessee to the United States District Court for the

2

Eastern District of Tennessee, pursuant to the provision of 28 U.S.C. § 1441 on the grounds that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 1333. This *Petition for Removal* has been served upon all attorneys involved in this lawsuit.

**WHEREFORE**, Defendants respectfully request that this civil action be removed in its entirety from the Circuit Court of Marion County, Tennessee to this United States District Court for the Eastern District of Tennessee, and that this Honorable Court assume full jurisdiction of this matter and take all further action deemed just and proper.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ Robert J. Uhorchuk
Robert J. Uhorchuk (BPR #17599)
Nicholas C. Stevens (BPR #030826)
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
(423) 756-0262 Telephone
(423) 756-8489 Facsimile
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2024, a copy of the foregoing pleading has been delivered to all parties at interest in this cause by delivering same as follows:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☒ EMail<br>☐ Fax<br>☐ FedEx<br>☒ EFS | Ali Toll, Esq.<br>**The Toll Firm, PC**<br>116 East Cedar Street<br>Goodlettsville, TN  37072<br>**ali@tollfirm.com** |

I hereby certify that on this 31st day of May, 2024, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record above.

**SPICER RUDSTROM, PLLC**

By:  /s/ Robert J. Uhorchuk
Robert J. Uhorchuk
Nicholas C. Stevens

# IN THE CIRCUIT COURT FOR MARION COUNTY, TENNESSEE
## AT JASPER

MARION ANTHONY NAMYNANIK and
RHODA NAMYNANIK,

    Plaintiffs,

vs.

YUNIOR MARTIN MARTINEZ and
BIH EXPRESS, INC.,

    Defendants.

CASE NO.: 23349

**JURY DEMAND**

---

## COMPLAINT

---

Come now, Marion Anthony Namynanik and Rhoda Namynanik, by and through counsel, and for their cause of action against the Defendants, Yunior Martin Martinez and BIH Express, Inc., would show unto the Court as follows:

### PARTIES

1. Marion Anthony Namynanik and Rhoda Namynanik are citizens and residents of Goodlettsville, Sumner County, Tennessee.

2. At all times relevant, Defendant Yunior Martin Martinez ("Defendant Martinez") was a citizen and resident of Miami-Dade County, Florida and resides at 7920 Byron Avenue, Apartment 1B, Miami Beach, Florida 33141-1974.

3. Defendant BIH Express, Inc. is a for-profit corporation engaged in interstate commerce, including Tennessee, and formed under the laws of the Commonwealth of Kentucky, with its principal place of business located at 111 Kelly Court, Bowling Green, Kentucky 42101.

**EXHIBIT 1**

tabbies

This Defendant's U.S. DOT number is 1141826. BIH Express, Inc. may be served through its Registered Agent, Azmir Husic, at 1030 Timbercrest Court in Bowling Green, Kentucky 42104.

<strong><u>JURISDICTION AND VENUE</u></strong>

4. This is a Complaint for personal injuries sustained as a result of a tractor-trailer truck collision that occurred on April 24, 2023, in Marion County, Tennessee.

5. Jurisdiction and venue are proper in this Court.

<strong><u>FACTS</u></strong>

6. On April 24, 2023, at approximately 10:40 a.m., Plaintiff Marion Anthony Namynanik was the driver of a 2020 Freightliner Tractor-Trailer Truck, traveling westbound on Interstate 24 on Monteagle Mountain at or around the 136 mile-marker in Marion County, Tennessee.

7. On the same date, Defendant Martinez was the operator of a 2018 Volvo Tractor Trailer Trucker, which had also been traveling westbound on Interstate 24 at or around the 136 mile-marker in Marion County, Tennessee, some distance in front of Plaintiff Marion Anthony Namynanik.

8. Upon information and belief, Defendant Martinez's tractor-trailer truck began to fail and break down.

9. Upon information and belief, when the tractor-trailer began to break down and lose pressure, Defendant Martinez's tractor-trailer truck signaled an emergency warning alarm indicating a failure was imminent and the vehicle was shutting down.

10. Tractor-trailer trucks are equipped with emergency warning alarms that activate when pressure begins to fail to allow drivers sufficient time to get the tractor-trailer truck off the roadway to the shoulder of the roadway.

2

11. Upon information and belief, Defendant Martinez did not heed the warning alarm and failed to immediately exit the roadway to the shoulder of the road.

12. Defendant Martinez's tractor-trailer truck became disabled, and Defendant Martinez stopped the tractor-trailer in the middle of the #3 lane in a blind curve.

13. Upon becoming disabled, Defendant Martinez placed only one bidirectional reflective triangle.

14. Alternatively, Defendant Martinez failed to activate the vehicular hazard warning signal flashers upon his tractor-trailer truck becoming disabled.

15. As Plaintiff Marion Anthony Namynanik rounded the left curve in the #3 lane, suddenly and without warning, Defendant Martinez's tractor trailer truck was stopped and disabled in the #3 lane.

16. Defendant Martinez did not properly park his disabled tractor-trailer to the farthest right of the roadway on the shoulder of the roadway.

17. Defendant Martinez's tractor trailer truck was stopped and disabled in the #3 lane for at least 10 minutes prior to the crash.

18. Due to Defendant Martinez's improper parking and improper placement of warning devices, Plaintiff Marion Anthony Namynanik did not have sufficient warning of the hazard presented by the tractor-trailer truck stopped in the #3 lane.

19. Plaintiff Marion Anthony Namynanik did not have sufficient time to react or bring his tractor-trailer truck to a safe stop.

20. Plaintiff Marion Anthony Namynanik's tractor-trailer truck violently crashed into the rear of Defendant Martinez's tractor-trailer truck ("the crash").

3

21. At all relevant times, Defendant Martinez was an employee or agent of BIH Express, Inc., was working within the scope and course of his employment with BIH Express, Inc. and was acting with BIH Express Inc.'s knowledge and permission.

22. BIH Express, Inc. is a motor carrier and transportation company that provides motor carrier services in the transportation industry.

23. BIH Express, Inc.'s business activities are governed by the Federal Motor Carrier Safety Regulations.

24. At all times material, BIH Express, Inc. owned and/or leased the subject tractor and/or trailer operated by Defendant Martinez.

25. At all times material, BIH Express, Inc. was responsible for the safety of the subject tractor-trailer truck operated by Defendant Martinez.

26. Defendant Martinez is 100% at fault for the crash.

27. Plaintiff Marion Anthony Namynanik is not at fault for causing the crash.

28. As a result of the crash, Plaintiff Marion Anthony Namynanik suffered serious and painful personal injuries which required medical treatment and resulted in him incurring and becoming liable for medical expenses.

29. At the time of the crash, Defendant Martinez was operating the tractor-trailer truck in direct violation of applicable laws, ordinances and regulations of the State of Tennessee and the Federal Motor Carrier Safety Act.

30. At the time of the crash, Defendant Martinez was operating the tractor-trailer truck in the course and scope of his employment and/or agency relationship with Defendant BIH Express, Inc.

4

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE OF DEFENDANT MARTINEZ

31. The crash and the Plaintiffs' injuries and damages were proximately and in fact caused by one or more of the following acts of negligence of Defendant Martinez:

    A. Defendant failed to maintain proper control of the tractor-trailer truck;

    B. Defendant negligently operated the tractor-trailer truck;

    C. Defendant negligently failed to provide or place proper warning of his disabled tractor-trailer;

    D. Defendant failed to exercise due care while operating the tractor-trailer truck and trailer;

    E. Defendant negligently failed to immediately stop his tractor-trailer truck and park his tractor-trailer truck in an area to the farthest right of the interstate when the warning alarm activated to signal impending truck failure; and

    F. Defendant negligently and recklessly parked his tractor-trailer in a manner that was not to the far right of the interstate traffic.

32. At all times material hereto, Defendant Martinez had a duty and responsibility to operate the tractor-trailer truck and trailer safely and perform all duties required in compliance with applicable statutes, rules and regulations of the State of Tennessee and the Federal Motor Carrier Safety Act, 49 U.S.C. §§ 31101, 31301, 31501 *et. seq.*

33. Concurrent with the common law negligence set forth above, the crash and the Plaintiff's injuries were proximately and in fact caused by Defendant Martinez's violation of one or more of the following statutes which constitutes negligence per se, in that he:

    A. Failed to heed or obey the traffic laws in violation of Tenn. Code Ann. § 55-8-103;

B.   Failed to exercise due care in violation of Tenn. Code Ann. § 55-8-136; and

C.   Drove his tractor-trailer truck in willful and wanton disregard for the safety of others in violation of Tenn. Code Ann. § 55-10-205.

34.   Upon information and belief and to the extent proved in discovery, the crash and the Plaintiffs' injuries and damages were proximately and in fact caused by one or more of the following acts of negligence of Defendant Martinez and his violations of the Federal Motor Carrier Safety Act:

A.   Defendant Martinez violated 49 CFR §392.22 in that he negligently failed to immediately activate the vehicular hazard warning signal flashers upon his tractor-trailer truck becoming disabled;

B.   Defendant Martinez violated 49 CFR §392.22 in the he negligently failed to place three warning devices at different paces from the tractor-trailer truck;

C.   Defendant Martinez violated 49 CFR §392.22 in that he negligently failed to place out three bidirectional reflective triangles, or three lighted fuses or liquid-burning flares within a time of 10 minutes of his tractor-trailer truck becoming disabled; and

D.   Defendant Martinez violated 49 CFR §392.22 in that he negligently failed to place warning signals in the direction of the obstruction to view a distance of 100 feet to 500 feet from the stopped commercial motor tractor-trailer truck so as to afford ample warning to other users of the highway upon his tractor-trailer truck becoming disabled and stopped within 500 feet of a curve, crest of a hill, or other obstruction to view.

35.   As a direct and proximate result of Defendant Martinez's negligence referenced herein, the Plaintiffs did suffer injuries and damages.

6

## COUNT II
## NEGLIGENCE AND LIABILITY OF DEFENDANT BIH EXPRESS, INC.

36. At all relevant times, Defendant Martinez was an employee, agent, representative and/or servant of BIH Express, Inc., and was engaged in the course and scope of the employment or agency (real, apparent or ostensible) such that BIH Express, Inc. is vicariously liable for the negligent acts and/or omissions of Defendant Martinez under the doctrine of *respondeat superior.*

37. Pursuant to 49 CFR § 383.5, BIH Express, Inc. is the statutory employer of Defendant Martinez and is liable for his negligent acts and/or omissions.

38. Upon information and belief and to the extent proved in discovery, the crash and the Plaintiffs' injuries and damages were proximately and in fact caused by one or more of the following acts of negligence of BIH Express, Inc.:

    A.    BIH Express, Inc. negligently hired Defendant Martinez;

    B.    BIH Express, Inc. failed to properly train Defendant Martinez;

    C.    BIH Express, Inc. failed to adequately supervise Defendant Martinez;

    D.    BIH Express, Inc. encouraged and/or acquiesced in unsafe driving practices which proximately caused the accident complained of herein;

    E.    BIH Express, Inc. negligently entrusted Defendant Martinez with operation of its tractor-trailer truck; and

    F.    BIH Express, Inc. is guilty of negligence because it negligently, carelessly and/or recklessly failed in its duty to require Defendant Martinez's observance of all duties and prohibitions placed upon him as a driver of the tractor-trailer truck.

39. Upon information and to the extent proved in discovery concurrent with the common law negligence set forth above, the crash and the Plaintiffs' injuries and damages were

7

proximately caused by BIH Express, Inc.'s violation of one or more of the following statutes which constitutes negligence per se:

A. BIH Express, Inc. violated 49 CFR § 380.507 which requires an employer to provide driver training as outlined in 49 CFR § 380.503, including but not limited to the requirement to activate vehicular hazard warning signal flashers and/or place proper warning devices in compliance with 49 CFR §392.22;

B. BIH Express, Inc. violated 49 CFR § 390.3 *et seq.* which requires that all motor carriers, their employees and drivers to be knowledgeable of, and comply with, the Federal Motor Carrier Safety Regulations;

C. BIH Express, Inc. violated 49 CFR § 390.11 which proscribes a duty on the motor carrier to require observance of all duties and prohibitions placed on their drivers;

D. BIH Express, Inc. violated 49 CFR § 385.5 which requires the carrier to demonstrate that it has adequate safety management controls in place to ensure compliance with the Federal Motor Carrier Safety Regulations; and

E. BIH Express, Inc. violated 49 CFR § 391.11 which places an affirmative duty on the carrier to determine if the driver is qualified to drive under the Federal Motor Carrier Safety Regulations.

40. BIH Express, Inc., as the employer, agent, contractor, or representative Defendant Martinez, had a right to hire and the power to permit and prohibit use of the subject tractor-trailer truck by Defendant Martinez. BIH Express, Inc. had a duty to use reasonable care to select employees, agents, contractors, or representatives who were competent and fit to perform the duties required as employees, agents, contractors, or representatives. BIH Express, Inc. owed such a duty to the Plaintiff and this duty was breached, causing Plaintiffs' injuries and damages.

41. BIH Express, Inc. knew, had reason to know, or should have known that Defendant Martinez, because of inexperience, prior actions, and/or lack of familiarity with the roadways and

8

Federal Motor Carrier Safety Regulations, was likely to drive the subject tractor-trailer truck in a negligent and/or reckless manner.

42. As a direct and proximate result of BIH Express, Inc. negligently hiring and/or negligently entrusting Defendant Martinez with its tractor-trailer truck, the Plaintiffs did suffer injuries and damages.

## HARMS AND LOSSES OF THE PLAINTIFFS

43. As a direct and proximate result of the Defendants' negligence and/or recklessness, the Plaintiffs suffered the following harms and losses:

(A) Past and Future Medical Expenses;

(B) Past and Future Pain and Suffering;

(C) Past and Future Mental Anguish;

(D) Past and Future Loss of Enjoyment of Life;

(E) Permanent Disability and Impairments;

(F) Lost Wages;

(G) Lost Earning Capacity; and

(H) Property Damage.

44. Plaintiffs are husband and wife. Plaintiff Rhoda Namynanik brings a claim for loss of consortium.

## SERVICE OF PROCESS

45. Defendant Yunior Martin Martinez has been properly served with process.

46. Defendant BIH Express, Inc. has been properly served with process.

## WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. That service of process issue and be served upon the Defendants requiring them to

9

appear and answer within the time required by law.

2. A judgment against the Defendants, holding them liable for compensatory damages in a reasonable amount no greater than $1,250,000.00 or an amount determined by the jury in this cause sufficient to adequately compensate Plaintiff Marion Anthony Namynanik for his harms and losses.

3. A judgment against the Defendants, holding them liable for compensatory damages in a reasonable amount no greater than $50,000.00 or an amount determined by the jury in this cause sufficient to adequately compensate Plaintiff Rhoda Namynanik for her harms and losses.

4. For any further and general relief to which Plaintiffs may be entitled from this Court, including court costs, discretionary costs, and post-judgment interest.

5. For a jury of twelve to try this cause.

Respectfully submitted,

**THE TOLL FIRM, PC**

*/s/ Ali Toll*
**ALI TOLL, #25732**
**116 East Cedar Street**
**Goodlettsville, Tennessee 37072**
**Office Phone: (888) 898-8655**
**Direct Phone/Fax: (615) 861-1101**
**Email: ali@tollfirm.com**
*Attorney for Plaintiffs*

10

<u>CIRCUIT COURT SUMMONS</u>                                    <u>JASPER, TENNESSEE</u>

## STATE OF TENNESSEE
## MARION COUNTY

☒ First

☐ Alias

☐ Pluries

MARION ANTHONY NAMYNANIK and RHODA NAMYNANIK,

CIVIL ACTION
DOCKET NO.

_____

_____ Plaintiffs

**Method of Service:**

☐ MARION County Sheriff

**Vs.**

☐ Out of County Sheriff

BIH EXPRESS, INC.

☐ Secretary of State

c/o Registered Agent:  Azmir Husic

☒ Certified Mail

1030 Timbercrest Court

☐ Personal Service

Bowling Green, KY  42104

☐ Commissioner of Insurance

                                            Defendants

**To the above-named Defendant: <u>BIH EXPRESS, INC. though Certified Mail to Registered Agent:  Azmir Husic at 1030 Timbercrest Court, Bowling Green, KY  42104.</u>**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Courthouse Square, Jasper, TN 37347, and your defense must be made within thirty (30) days from the date this summons is served upon you.  You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _4/24/24_

_Donna Henderson / Km_
Circuit Court Clerk
MARION County, Tennessee

By: _Kellie Moren_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Ali Toll, Esq./The Toll Firm, PC |
| or | 116 E. Cedar Street, Goodlettsville, Tennessee 37072 |
| | Address |
| PLAINTIFF'S ADDRESS | (615) 861-1101 |

TO THE SHERIFF:
        Please execute this summons and make your return hereon as provided by law.

_____
Circuit Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 423-942-2552.

# STATE OF TENNESSEE
# MARION COUNTY

☒ First
☐ Alias
☐ Pluries

MARION ANTHONY NAMYNANIK and RHODA NAMYNANIK.

CIVIL ACTION
DOCKET NO. 23347

_____ Plaintiffs

**Method of Service:**

☐ MARION County Sheriff

Vs.

☐ Out of County Sheriff

☐ Secretary of State

YUNIOR MARTIN MARTINEZ

☒ Certified Mail

7920 Byron Avenue, Apt. 1B

☐ Personal Service

Miami Beach, FL  33141-1974

☐ Commissioner of Insurance

_____ Defendants

To the above-named Defendant: <u>YUNIOR MARTIN MARTINEZ though Certified Mail at 7920 Byron Avenue, Apartment 1B, Miami Beach, Florida 33141-1974.</u>

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Courthouse Square, Jasper, TN 37347, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _4/24/24_

_Lorna Henderson_
Circuit Court Clerk
MARION County, Tennessee

By: _Kelli Morrow_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ali Toll, Esq./The Toll Firm, PC |
| --- | --- |
| | 116 E. Cedar Street, Goodlettsville, Tennessee 37072 |
| | Address |
| | (615) 861-1101 |

TO THE SHERIFF:
  Please execute this summons and make your return hereon as provided by law.

_____
Circuit Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

If you have a disability and require assistance, please contact 423-942-2552.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

_____ served this summons and complaint/petition on _____

In the following manner: _____

_____ failed to serve this summons within 90 days after its issuance because _____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on 29th day of April, 20 24, I send, postage prepaid by registered

return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint

23349 to the defendant, Yunior Martin Martinez. On the 14th day of May, 2024, I

received the return envelope ~~receipt~~ for said registered or certified mail, which had ~~been signed by~~ not been delivered on the

9th day of May, 20 24. Said return envelope ~~receipt~~ is attached to this original summons and both

documents are being sent herewith to the Circuit Court Clerk for filing, showing unsuccessful service.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

11th DAY OF May, 20 24.

_Natalie Y. Parivar_

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_Taneikia C. Brown_

✓ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: 05/03/2027

*TANEIKIA C. BROWN*
*STATE OF TENNESSEE*
*NOTARY PUBLIC*
*DAVIDSON COUNTY*
*MY COMMISSION EXPIRES 5-3-2027*

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

✱ See attached

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

---

**STATE OF TENNESSEE**
**COUNTY OF MARION**

I, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK

(To be completed only if copy certification required.)

By: _____ D.C.



**CERTIFIED MAIL**

TOIL FIRM
116 East Cedar Street
Goodlettsville, TN 37072

7021 2720 0000 4002 6063

YUNIOR MARTIN MARTINEZ
7920 Byron Avenue, Apt. 1B
Miami Beach, FL 33141-1974

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

BC: 37072143412 *0747-25518-01-42

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Yunior Martin Martinez
7920 Byron Avenue, Apt. 1B
Miami Beach, FL
33141-1974

9590 9402 8456 3156 8866 26

2. Article Number (Transfer from service label)

7021 2720 0000 4002 6063

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ ail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# STATE OF TENNESSEE
# MARION COUNTY

☐ First
☒ Alias
☐ Pluries

MARION ANTHONY NAMYNANIK and RHODA NAMYNANIK,

**Plaintiffs**

CIVIL ACTION
DOCKET NO. **23349**

**Vs.**

YUNIOR MARTIN MARTINEZ

7920 Byron Avenue, Apt. 7

Miami Beach, FL  33141-1974

**Defendants**

**Method of Service:**

☐ MARION County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

To the above-named Defendant: <u>YUNIOR MARTIN MARTINEZ though Certified Mail at 7920 Byron Avenue, Apartment 7, Miami Beach, Florida 33141-1974.</u>

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Courthouse Square, Jasper, TN 37347, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _5/16/24_

_Donna Henderson / Km_
Circuit Court Clerk
MARION County, Tennessee

By: _Kelli Moren_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ali Toll, Esq./The Toll Firm, PC |
|---|---|
| | 116 E. Cedar Street, Goodlettsville, Tennessee 37072 |
| | Address |
| | (615) 861-1101 |

TO THE SHERIFF:
Please execute this summons and make your return hereon as provided by law.

_____
Circuit Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 423-942-2552.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I: _____ served this summons and complaint/petition on _____

In the following manner: _____

_____

_____ failed to serve this summons within 90 days after its issuance because _____

_____

_____

_____<br>
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on _____ day of _____, 20 _____, I send, postage prepaid by registered

return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint

_____ to the defendant, _____. On the _____ day of _____, 20_____, I

received the return receipt for said registered or certified mail, which had been signed by _____ on the

_____ day of _____, 20_____. Said return receipt is attached to this original summons and both

documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MARION

I, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

CLERK

(To be completed only if
copy certification required.)

By: _____D.C.